HERMAN WAGNER, JEAN WAGNER, an Infant, by ALBERT M. WAGNER, Her Guardian ad Litem, and ALBERT M. WAGNER, Appellants, v. BROOKLYN BUS CORPORATION, Respondent.— In an action brought to recover damages for personal injuries, judgment in favor of the defendant entered upon a dismissal of the complaint at the close of plaintiffs' case reversed upon the law and a new trial granted, costs to abide the event. There was a question of fact presented as to whether or not the bus driver was negligent in driving thirty to thirty-five miles an hour, contrary to the city ordinance, and failing to observe the Ford car while it was making the turn into East Thirty-fifth street, and continuing the speed of the bus to the point of collision. Lazansky, P. J., Young, Hagarty, Adel and Taylor, JJ., concur.

CLARA WALD, Appellant, v. MANUFACTURERS TRUST COMPANY, Respondent, and WALTER J. KLAUM, Defendant.— In an action to recover as for money had and received by the respondent to the use of the appellant upon an executed rescission by the latter of a transaction in which the appellant purchased certain stock from the respondent, order denying appellant's motion for summary judgment affirmed, with ten dollars costs and disbursements, on the ground that there are triable issues. Lazansky, P. J., Young and Taylor, JJ., concur; Hagarty and Adel, JJ., concur in result on the ground that the case does not come within rule 113 of the Rules of Civil Practice. (Bohlken v. Title Guarantee & Trust Co., ante, p. 722.)

HELEN WILLIAMSON, Respondent, v. VITO MENNELLA, Defendant, and LINDSAY HENRY, Appellant.— In an action for conversion of part of an engine obtained from a burned and wrecked boat owned by Mennella, it appears that one Smith took the engine from the submerged, or partially submerged, wreck about six weeks after the boat was wrecked, on the theory that the part of the engine taken had been abandoned by the owner. The part of the engine so obtained was given by Smith to the plaintiff, his sister. It was then repaired, new parts added, and placed in her boat in use, from which it was taken later by the defendants without any legal process. The principal question of fact was whether the wreck and the engine had been abandoned by the owner. The verdict was for the plaintiff. Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Carswell, Davis, Johnston and Adel, JJ.

## (October 28, 1936.)

In the Matter of the Application of A. WILLIAM GERSTMAN for Admission to Practice as an Attorney and Counselor at Law. (From the State of Arizona.) — Application granted. Present — Lazansky, P. J., Young, Carswell, Johnston and Adel, JJ.

In the Matter of the Application of NATHAN LABOVICH for Admission to Practice as an Attorney and Counselor at Law. (From the State of Massachusetts.) — Application granted. Present — Lazansky, P. J., Young, Carswell, Johnston and Adel, JJ.